JS 44 (Rev. 12/12)

# JKG CIVIL COVER SHEET

5:14-cv-4313

14 4313

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Magic Allen, Parent and Natural Guardian of
Devanir Sincere Wynn, a minor age 13

**(b)** County of Residence of First Listed Plaintiff  **Bronx**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jack M. Bernard, 930 Land Title Building
100 South Broad Street, Philadelphia, PA. 19110
(215) 665-0666 (phone) (267) 514-8609 (facsimile)

**DEFENDANTS** Park Run Associates, et al
Park Run Management
Hamilton Square Apartments
Bubbah Russ
Dreams of Sleeping

County of Residence of First Listed Defendant  Lehigh County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF
       THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC Section 1332
Brief description of cause:
Premises Liability; Negligence

JUL 17 2014

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER  S.T.

DATE 07/16/2014    SIGNATURE OF ATTORNEY OF RECORD  *Jack M. Bernard*   S.T.

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

14    4313

Address of Plaintiff: 811 Adee Avenue, Bronx, NY. 10467

Address of Defendant: 2635 Prospect Avenue, Allentown, PA. 18103; 1620 East Cedar Street, Allentown, PA

Place of Accident, Incident or Transaction: 117 South Fourth Street, Allentown, PA. 18103

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐   No☒

Does this case involve multidistrict litigation possibilities?    Yes☐   No☒

RELATED CASE, IF ANY: N/A

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☒ Other Personal Injury (Please specify) Premises Liability
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

JUL 17 2014

DATE: _____    _____    _____
                  Attorney-at-Law              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 7-16-14    _____ M. Berd    26643
                  Attorney-at-Law              Attorney I.D.#

CIV. 609 (5/2012)



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Magic Allen, Parent and Natural Guardian of
Devanir Sincere Wynn, a minor, age 13
v.
Park Run Associates, Park Run Management T/A
Hamilton Square Apartments and Dabbah Kassis
T/A Field of Dreams Landscaping

CIVIL ACTION

14    4313

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, coWlSel for plaintiff shall complete a Case Management Track Designation Form in all civil cases atthe time of filing the omplaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said deignation, that defendant shall, with it first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case hould be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    (X)

(d) Asbestos - Cases involving claims for personal injury or property damage from
    exposure to asbestos.    ( )

(e) SpeciaJ Management – Cases that do oat fall into tracks (a) through (d) that are
    commonly refeITed to as com_plex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( )

| JULY 17, 2014 | JACK M BERNARD | /s/ Jack M. Bernard |
|---|---|---|
| Date | Attorney-at-law | Attorney for Plaintiff |
| (215) 665-0666 | (267) 514-8609 | JACKBERNARD@VERIZON.NET |
| Telephone | FAX Number | E-Mail Address |

(Clv. 660) 10/02

JUL 17 2014

#480

JKG

| | |
|---|---|
| MAGIC ALLEN, Parent and Natural Guardian of DEVANIR SINCERE WYNN, a minor age 13 : : : Plaintiff : vs. : : PARK RUN ASSOCIATES : : and : : PARK RUN MANAGEMENT T/A : HAMILTON SQUARE APARTMENTS : : and : : DABBAH KASSIS T/A FIELD OF DREAMS : LANDSCAPING : Defendants : | UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA<br><br>14    4313<br><br>NO.: |

## COMPLAINT

### I – JURISDICTION AND VENUE

1.  Plaintiffs Magic Allen and Devanir Sincere Wynn are citizens of the State of New York. All defendants are citizens of the Commonwealth of Pennsylvania, having their principal places of business in the Commonwealth of Pennsylvania. The amount in controversy, exclusive of interest and costs, exceeds the sum provided in Title 28 U.S.C. § 1332.

2.  Venue lies in this District, in that the events giving rise to the claims alleged in this Complaint occurred in Lehigh County, Pennsylvania, and that all parties defendant are located in Lehigh County.

### II – IDENTITY OF THE PARTIES

3.  Magic Allen (hereafter "Allen") is the single parent of Devanir Sincere Wynn, (hereafter "Devanir"). At all time material to the cause of the action alleged herein and upon date

of this Complaint, Devanir and Allen are members of the same household. Allen is authorized by law to bring this action.

4. Upon information and belief, Park Run Associates is a partnership having an office at 2635 Prospect Avenue, Allentown, Pennsylvania.

5. Upon information and belief, Park Run Management Co. is a Pennsylvania Business Corporation having an office at 2635 Prospect Avenue Allentown, PA. 18103.

6. Upon information and belief, Dabbah Kassis is the owner of Field of Dreams Landscaping, a business entity located at 1620 East Cedar Street, Allentown, Pennsylvania.

### III – FACTUAL ALLEGATIONS

7. On July 4, 2009, Devanir, then age 8, was visiting his uncle, Derrick Allen, who resided at 117 South 4th Street, Apartment 206, in Allentown, Pennsylvania (hereafter "S. 4th Street."). He arrived by himself about one week before, after the end of his school semester, transported by a van service. Other family members arrived on July 4.

8. Derrick Allen arranged a barbecue in front of S. 4th Street. There were two benches in front, one on the right and one on the left. Derrick Allen was sitting on one of the benches. Devanir was playing with his sisters and cousins. There were tree branches on the ground and a crack in the pavement. Devanir tripped on the branches when his foot stepped in the crack.

9. As a direct and proximate result of the trip and fall, Devanir fractured his left femoral shaft. He was taken to Lehigh Valley Hospital. On July 5, 2009, a surgical procedure was done involving insertion of two rods into the bone. Devanir remained at Lehigh Valley Hospital until July 8, 2009 when he was discharged to home.

10. Thereafter, Devanir was under the care of an orthopedic physician at Montefiore Medical Center, Bronx, NY. and physical therapists. He resumed full activities at the end of December 2009. He has a permanent deformity in his left thigh. The implants are buried within the bone.

11. Devanir was in severe pain after he fell until he received medication that lessened but did not relieve his pain. The foreign body implanted in his left leg causes pain from time to time. His gait is normal except on occasion when exercising in cold weather. His prognosis as he gets older is uncertain.

12. As a direct and proximate result of his trip and fall on July 4, 2009, medical and hospital costs were paid by one or more third parties who seek reimbursement.

13. As a further direct and proximate result, expenses have been incurred by plaintiff for prescription and non-prescription medication, and travel to and from medical providers.

14. As a further direct and proximate result of his injury it is likely that there will be future expenses for care and treatment.

15. As a further direct and proximate result of his 2009 injury, it is likely that Devanir's activities will be adversely affected in years to come.

### IV – COUNT ONE – PLAINTIFF v PARK RUN ASSOCIATES AND PARK RUN MANAGEMENT CO. T/A HAMILTON SQUARE APARTMENTS – PREMISES LIABILITY

16. Plaintiff repeats, realleges and incorporates by reference the foregoing averments of this Complaint.

17. Defendants had a duty to maintain the premises at S. 4th Street in a safe condition, especially for tenants' invitees. This duty exists by operation of law and by implied terms of the lease agreement between landlord and tenant, whether written or oral.

18. On the date of Devanir's injury, the premises were not in a reasonably safe condition by reason of a defect in the pavement that had existed for a lengthy period of time, as well as tree branches on the ground.

19. Defendants were negligent by their failure to provide a safe area in front of the building on S. 4th Street that was intended for use by tenants and their guests.

20. Defendants breached their duty of reasonable care of the premises, causing Devanir's injuries.

### V – COUNT TWO: PLAINTIFF v DABBAH KASSIS T/A FIELD OF DREAMS LANDSCAPING

21. Plaintiff repeats, realleges and incorporates by reference the averments set forth in Paragraphs "1" through "15" hereinabove.

22. Defendant by his agents, servants and employees carelessly and negligently trimmed tree branches in the vicinity of S. 4th Street so that they accumulated on the ground in a manner likely to cause injuries, especially to children at play, and carelessly and negligently failed to remove the fallen branches.

23. Defendant carelessly and negligently failed to train and supervise his agents, servants and employees with respect to safe work procedures, and to monitor their activities.

24. Defendant carelessly and negligently failed to prepare and distribute safety rules and procedures for tree trimming and removal of debris caused thereby.

25. As a direct and proximate result of defendant's carelessness and negligence as aforesaid, Devanir suffered the injuries alleged in preceding paragraphs of this Complaint and the concomitant expenses incurred as a result thereof.

WHEREFORE, plaintiff demands damages of and from the defendants, jointly and severally, in an amount in excess of the sum stated in Title 28 U.S.C. § 1332.

*/s/ Jack M. Bernard*
JACK M BERNARD
Attorney for Plaintiff